Filed 7/7/21  J.N. v. Superior Court CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Juvenile court, rule 8.1115(a), prohibits juvenile courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| J.N.,<br><br>        Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF SANTA CRUZ COUNTY,<br><br>        Respondent;<br>_____<br>SANTA CRUZ COUNTY HUMAN SERVICES DEPARTMENT,<br><br>        Real Party in Interest. | H048961<br>(Santa Cruz County Super. Ct. No. 18JU00149) |

**THE COURT**[1]

J.N. is the father (Father) of 13-year-old B.N.  He petitions this court in propria persona for an extraordinary writ seeking to have the July 13, 2021 selection and implementation hearing pursuant to Welfare and Institutions Code section 366.26[2] vacated and the Santa Cruz County Human Services Department ("Department") provide him reunification services.  Father's petition is procedurally deficient, and he fails to state adequate grounds for relief.[3]  We deny the petition.

_____

[1] Before Greenwood, P.J., Grover, J. and Danner, J.

[2] All further statutory references are to the Welfare and Institutions Code.

[3] On July 1, 2021, the Department filed a letter requesting that we dismiss the petition because it does not comply with the California Rules of Court.  We deny the request.

# I.    PROCEDURAL BACKGROUND[4]

In 2013, the juvenile court took jurisdiction of then five-year-old B.N. and her infant twin brothers, E.M. and A.M., because Father and H.C., the children's mother (Mother) were abusing substances and engaging in domestic violence.  Father and Mother received reunification services for the children.  Father's services for all three children were terminated in 2014 because he failed to make progress with his plan.  B.N. was returned to Mother's care and she was given family maintenance services.  In 2015, the juvenile court dismissed the dependency case for B.N., and granted Mother sole legal and physical custody of the child, with supervised visitation for Father.  The parents failed to reunify with the twins, and their parental rights to the children were terminated in 2015.

In 2018, the juvenile court again took jurisdiction of B.N. because of substance abuse and domestic violence between Mother and her boyfriend.  B.N. remained in the home, and Mother received family maintenance services.

In April 2020, the Department filed a supplemental petition pursuant to section 387 seeking to remove B.N. from Mother' care.  At the time, Father was in custody and was not involved in B.N.'s life.  The basis for the request was that B.N. was at substantial risk of suffering physical harm based on Mother's untreated mental health issues, substance abuse and domestic violence between Mother and her boyfriend.  The petition also alleged that Father had been arrested and continued to be involved in criminal activities that rendered him unable to protect B.N. from Mother's behavior.

At the April 21, 2020 detention hearing, the juvenile court did not remove B.N. based on Mother agreeing to a comprehensive safety plan.

In August 2020, the Department filed another supplemental petition pursuant to section 387 seeking to have B.N. removed and placed in foster care based on Mother and

---

[4] As discussed below, Father states no facts or procedure in his petition.  We provide this procedural background from our review of the record.

her boyfriend engaging in substance abuse and domestic violence in violation of the safety plan. On August 26, 2020, the juvenile court removed B.N. from Mother and placed her in foster care.

On October 20, 2020, the Department provided an amended review report for the court recommending that further reunification services not be offered to Mother or Father pursuant to section 361.5 subdivisions (b)(10) and (11) and that a selection and implementation hearing pursuant to section 366.26 be set for B.N.[5] The report stated that Father had been provided reunification services from August 2013 to January 2014 for B.N. and her twin brothers. Father failed to participate in the services and as a result, in October 2015, Father's parental rights to the twins were terminated. The report also stated that Father's current criminal conduct and incarceration rendered him unable to parent B.N. Father had not seen B.N. for eight years, and B.N. expressed fear at having to see him. The Department believed that it was not in B.N.'s best interest for Father to receive reunification services due to the lack of relationship between Father and B.N., Father's failure to participate in services in the past and current case, and his ongoing criminal activity and incarcerations.

On November 9, 2020, the Department provided a report for the court regarding the 387 petition stating that Father had been released from jail and was requesting custody of B.N., whom he had not seen in eight years. The Department requested two psychological evaluations of Father to determine if he would benefit from reunification

---

[5] Section 361.5, subdivision (b)(10) provides that reunification services need not be provided if, in the case of a sibling, the juvenile court previously terminated reunification services because the parent failed to reunify with the sibling, and the court finds that the parent "has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling." Under section 361.5, subdivision (b)(11), reunification services need not be provided if the parental rights of the parent with respect to a sibling have been terminated, and the court finds that "this parent has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling."

services.  The Department was concerned that Father might be suffering from undiagnosed or untreated mental health impairments that could have been caused by a brain injury he sustained in a car accident when he was 18.  The report stated that Father's behavior had been described as " 'aggressive,' 'volatile,' 'violent,' and 'impulsive,' " and that he would engage in self-harm such as banging his head against the wall when his needs were not being met.

Father participated in the two psychological evaluations, one with Dr. Robert Perez and another with Dr. Richard Alloy.  The matter was set for a contested hearing of the section 387 petition for adjudication and disposition.

Following receipt of the psychological reports, the Department filed an augmentation of its recommendation with the court.  In addition to recommending that reunification services be bypassed pursuant to section 361.5, subdivisions (b)(10) and (11), the Department also recommended that services not be ordered for Father pursuant to section 361.5, subdivision (b)(2).[6]

Following a contested hearing on March 17, 2021, the juvenile court sustained a petition pursuant to section 387 bypassing reunification services for Father pursuant to section 361.5 subdivisions (b)(2), (10) and (11).

On March 30, 2021, Father filed an intent to file a writ petition in Santa Cruz County Superior Court.  Father filed his petition in this court on May 13, 2021.

## II. DISCUSSION

In his petition, Father provides two pages in which he complains that he did not receive a copy of either of the psychological evaluations that were used against him in court.  He also argues Dr. Perez discriminates against people who use marijuana and does not believe that marijuana users can care for children.  Father asserts that he can care for

---

[6] Section 361.5, subdivision (b)(2) provides that reunification services need not be provided if "the parent or guardian is suffering from a mental disability . . . that renders the parent or guardian incapable of utilizing those services."

4

his child. Father does not state any facts or procedure from the juvenile court, nor does he cite the record or legal authority. He does not set forth a legal basis for this court to provide him with the relief he seeks.

California Rules of Court rule 8.452,[7] sets forth the requirements of a petition for extraordinary writ to review an order setting a section 366.26 hearing. Father's petition does not meet these requirements in that it lacks a summary of the grounds of the petition (rule 8.452(a)(1)(D), and a memorandum that states the significant facts, provides legal authority, and cites to the record (rule 8.452(b)(1), (2) and (3)). The petition does not state the date on which the hearing is scheduled to be held (rule 8.452(a)(1)(C)), and Father did not serve the Department with the petition (rule 8.452(c)(1)(A)).

We are mindful that Father is representing himself. Self-representation, however, does not allow Father to forgo the requirements of the California Rules of Court. Our Supreme Court has "ma[d]e clear that mere self-representation is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) The Court of Appeal has similarly held: " 'When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys.... Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney.' " (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126.)

Because Father's petition is procedurally deficient and he states no adequate grounds for relief, we deny the petition.

---

[7] Further citations to court rules are to the California Rules of Court.

### III.    DISPOSITION

The petition for an extraordinary writ is denied.  Our decision is immediately final as to this court.  (Rules 8.452(i), 8.490(b)(2).)